(No. 31917.—

CHARLES HOTZE et al., Appellees, vs. OLIVIA SCHLANSER, Appellant.

*Opinion filed November 27, 1951.*

H. J. HASCH, of Mattoon, for appellant.

JOSEPH B. SIEMER, and MAURICE A. RICKELMAN, both of Effingham, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellees filed a complaint in the circuit court of Effingham County praying for the specific performance of a contract for the sale of real estate. Appellant answered alleging that the contract sued on was without consideration, was not freely and fairly entered into, and was obtained by means of coercion and fraud. A hearing on the merits resulted in a decree for specific performance. There being a freehold involved, a direct appeal has been perfected to this court.

The evidence shows that on July 24, 1948, appellant entered into a written contract to sell to appellees a certain tract of real estate therein described for the sum of $3100, of which amount appellees paid the sum of $50, receipt of which was acknowledged, and agreed to pay the balance of $3050 within 30 days from the date of the contract, or as soon thereafter as appellant could furnish a good abstract of title and a good and sufficient warranty deed. Appellant was given 90 days from the date of the contract to do whatever might be necessary to clear title to the real estate in question. Appellees agreed to immediately insure the premises against loss by fire, lightning, and tornado for the mutual benefit of the parties. It was also agreed that appellant was to receive one half of the income from oil and gas produced from the real estate. The contract was drafted by an attorney for appellees, at his office, in the presence of all the parties. It was filed for record in the circuit clerk's office two days later. Six

days after the date of the contract, the attorney for appellees drafted a warranty deed which he mailed to appellant at her home in Mattoon. Accompanying the deed was a request that the deed be executed and forwarded to the Teutopolis State Bank with directions that it be delivered to appellees upon the payment of $3050 to the account of appellant. Appellant refused to execute the deed, or to complete the sale provided for in the contract.

The progression of events leading up to the execution of the agreement to convey the real estate in question is revealed by the record. The evidence fairly tends to prove that on the afternoon of July 23, 1948, appellant was visiting at the home of her niece, Mildred Esker, in Teutopolis, where she had a conversation with a man named Lanus, in which she offered to sell the real estate in question for a cash consideration of $3000; that Lanus expressed a willingness to buy for that price; that soon after this conversation had taken place appellant telephoned the home of appellees and advised them that she had been offered $3000 for the real estate and asked if appellees were interested in purchasing it; that the property adjoins other land owned by appellees; that thereafter appellee Charles Hotze came to the Esker residence and, in the presence of appellant's niece, offered to give her $100 more than had been offered by Lanus, if he could raise the money; that about 7:30 that evening appellee Hotze came back to the Esker residence and told appellant that he could raise the money and would take the property; that later in the evening Hotze came to the outdoor theater where appellant had gone with her niece and family, and arranged to take appellant to the home of his attorney where the deal could be closed; that the attorney for appellees was not at home, and, after waiting a short time, a memorandum was prepared and signed by appellant, reciting that in consideration of $50 Charles Hotze was granted a 30-day option to purchase the 39-acre tract of land belonging to

appellant for the price of $3100; that Hotze thereupon executed and delivered his check for $50, payable to appellant; that the following day Hotze called for appellant at her niece's home about 15 minutes before 9 o'clock in the morning and took her to the office of his attorney in the city of Effingham, where the contract in question was drafted by the attorney and executed by appellant and by Charles Hotze and his wife, appellees herein.

Appellant contends that the contract, even though executed under seal, was without consideration, although it contained a recital that the sum of $50 was paid at the time of the execution of the agreement, and that the balance due was $3050 to be paid within the time therein specified. It is contended that the $50 check was not in fact taken as payment on the contract, but was intended as consideration for the 30-day option to purchase, which was executed the previous evening. The evidence shows that the check for $50, payable to appellant, was produced by appellant at the time the contract to convey the premises was entered into, and that it was then considered by all of the parties as a down-payment on the purchase price of $3100. It was not until several days after the contract had been signed by the parties that appellant returned the check and declared that she did not intend to sell the premises. While it is true, as contended by appellant, that equity, unlike the common law, does not permit a seal to supply the place of real consideration and will not grant the remedy of specific performance of a contract unless there was an actual valuable consideration, it is well settled that in equity inquiry may be directed to the question of the real consideration. (*Kaiser* v. *Cobbey,* 400 Ill. 214.) Appellant's argument that the contract was without consideration is without merit. The agreement to pay the balance of $3050 within the time provided in the contract was sufficient consideration for the agreement to convey. *Mutter* v. *Metzger,* 324 Ill. 569.

Appellant's next contention is that she was coerced into signing the contract; that she did not read it before her signature was affixed thereto; that the contract did not contain terms approved by her; and that the agreement was not fairly and understandingly entered into on her part. All of the witnesses present at the drafting and execution of the agreement testified at the trial. Complaint is made that it was error to admit in evidence the testimony of counsel for appellees. The record discloses that counsel testified in rebuttal only after his integrity had been impugned by appellant. The testimony of an attorney is not incompetent, and the fact that he is employed in the case goes only to the weight of his testimony. (*Wollschlaeger* v. *Mix,* 364 Ill. 207.) The evidence of appellees, and of the attorney who drafted the instrument, was to the effect that the agreement was drafted in triplicate, and that one copy was scanned by each of the parties, while the attorney read aloud the contents of the instrument, before it was executed. Appellant was advised that she was entitled to have counsel present to represent her, and that the attorney whose advice was being sought in the drafting of the instrument was in fact representing appellees. She elected not to employ counsel. An examination of the entire record discloses that no unfair advantage was taken of appellant because of her lack of legal counsel. The claim that she did not understand the contract, and that her signature was obtained by coercion and fraud, were affirmative defenses, which are required to be proved like any other fact. The evidence of such facts must be clear and cogent and must leave the mind well satisfied that the allegations are true. (*Parker* v. *Dameika,* 372 Ill. 235; *Mackie* v. *Schoenstadt,* 307 Ill. 398.) The evidence does not sustain appellant's contention that the contract was not fairly and understandingly entered into or that her signature to the contract was obtained by fraud and misrepresentation. The applicable rule is that where a contract for the sale of

real estate is entered into without misunderstanding on the part of the vendee and without misrepresentation on the part of the vendor, specific performance will be granted as a matter of right and not as a matter of discretion. *Parker* v. *Dameika,* 372 Ill. 235; *Gottlieb* v. *Kaplan,* 319 Ill. 60.

Appellant's argument that the contract should not be enforced because the real estate was worth much more than the purchase price named in the agreement is, likewise, without merit. The evidence shows that appellant was the moving party and that she was the one who fixed the price for which she agreed to sell the property. It is the general rule that inadequacy of consideration, exorbitance of price or improvidence in a contract will not, in the absence of fraud, constitute a defense for specific performance. (*Cities Service Oil Co.* v. *Viering,* 404 Ill. 538; *Stipanowich* v. *Sleeth,* 349 Ill. 98.) The evidence does not show any fraud or bad faith on the part of appellees. While appellant indicates that she was tired and ill at the time of the transaction, the nature of her illness was not disclosed, it does not appear that her mental faculties were impaired, and it is nowhere contended that she was not competent to contract. Under such circumstances, it is not inequitable or unjust to require appellant to do what she agreed to do.

Other matters are urged by appellant in her argument, but it is apparent from the record that a written contract, clear and explicit in its terms, was entered into between the parties for the sale of the real estate therein described, and that appellees have at all times been ready, able and willing to complete their contract, while appellant, for no real reason apparent in the proof, has refused to comply with her agreement.

The decree of the circuit court of Effingham County is accordingly affirmed.

*Decree affirmed.*