Ricardo Rosales, Plaintiff-Appellant, v. Peter Marquez, d/b/a Pete's Place, Defendant-Appellee.

Gen. No. 49,326.

First District, Third Division.

January 21, 1965.

James P. Chapman, of Chicago, for appellant.

Morton H. Meyer, of Chicago (Arthur M. Gorov, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment entered in favor of the defendant in an action brought under the Dram Shop Act. The sole question to be decided is whether the trial court erred in not permitting a witness to testify who was called by the plaintiff.

On the evening of August 9, 1957, the plaintiff Ricardo Rosales and a friend were seated in a tavern owned by the defendant, Peter Marquez. During the evening Rosales was struck in the face by a man named Tommie Martinez. Rosales testified that Martinez had been served several drinks of gin and whiskey and was intoxicated when he made the unprovoked assault. Marquez testified that Martinez entered his tavern with three couples, sat down briefly, and then joined in the dancing which was taking place. Shortly thereafter Marquez heard someone use the word "clown" and saw Rosales holding his mouth. He said that he ejected Martinez from the tavern and never saw him again. He testified that he did not serve any liquor to Martinez that night and that no

one else in the tavern could have done so. The jury found the defendant not guilty.

The statement of claim was filed in March 1958 and in January 1961 a deposition was taken from the plaintiff. He identified the friend who was in the tavern with him as Carmen Lorenzo and gave Lorenzo's address as Acapulco, Mexico. In May of 1961 interrogatories were served upon the plaintiff asking for the names and addresses of all occurrence witnesses. The interrogatories were not answered. Because of the plaintiff's failure to answer the interrogatories, the case was dismissed in May 1962. In June 1962, upon motion of the plaintiff, the order of dismissal was vacated. The plaintiff was ordered to answer the interrogatories within fifteen days. The order was ignored. In January 1963, a week before the trial, the plaintiff was again asked for the names and addresses of all witnesses to the occurrence. Again the interrogatories were not answered.

At the trial, after the jury had been selected but before any testimony was heard, the plaintiff's attorney made it known that he intended to call Lorenzo as a witness. The defendant's attorney advised the court that he would object to Lorenzo testifying because of the plaintiff's failure to answer the interrogatories. The plaintiff's attorney admitted his failure to answer but argued that the defense attorney was at fault because he had not followed up the order giving the plaintiff fifteen days to answer and that the objection to pretrial discovery procedures should have been made prior to trial. He also contended that the defendant had been given Lorenzo's name and address at the deposition and that he was under no obligation to furnish the information again. He stated that Lorenzo lived in Mexico, that he had learned of Lorenzo's presence in the United States just a week

before the trial and that he did not have a duty to furnish his new address. The judge called Lorenzo into his chambers, placed him under oath and questioned him with the aid of a court clerk who spoke Spanish. His answers disclosed that he was a resident of Chicago and had been for several years. He said that he lived in Chicago in January 1961 [at the time of Rosales' deposition] and in 1962 [at the time the plaintiff was ordered to answer the interrogatories]. He said he visited Mexico for one month in 1960 and for two months in 1962. He stated that his Chicago address in 1962 was the same as it was on the day of the hearing. After the hearing was completed, the court ruled that Lorenzo could not be used as a witness.

■ Supreme Court rule 19–12(3), Ill Rev Stats, ch 110, sec 101.19–12(3) (1963), and the comparable rule of the Municipal Court of Chicago, rule 2, sec 19–12, relate to pretrial discovery procedures and provide many sanctions for failure to comply with the rules pertaining to discovery. The exclusion of witnesses is not among them. However, Illinois cases have recognized the right of the trial court to refuse to permit a witness to testify. Dempski v. Dempski, 27 Ill2d 69, 187 NE2d 734; Wright v. Royse, 43 Ill App2d 267, 193 NE2d 340; Battershell v. Bowman Dairy Co., 37 Ill App2d 193, 185 NE2d 340; Nystrom v. Bub, 36 Ill App2d 333, 184 NE2d 273; Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209. Contra: Hansel v. Friemann, 38 Ill App2d 259, 187 NE2d 97. The plaintiff does not dispute the power of the trial court to bar a witness from testifying, but argues that this sanction should not have been invoked under the circumstances in this case and that other remedial alternatives should be employed in preference to exclusion wherever possible.

206

In determining whether the exclusion of a witness is the appropriate sanction to impose when his name has not been furnished or his correct address has been withheld, our courts have considered the surprise to the adverse party, the harm that has been done to his case, the nature of the witness' testimony, the timeliness of the objection to his testifying and whether the omission appears to have been intentional or inadvertent. The nonimposition of the sanction has been approved in cases where there was no surprise, or the surprise was minimal, or where the surprise and the harm caused by it were alleviated by giving the adverse party an opportunity to talk to the witness prior to his testifying, or where the witness' testimony was merely cumulative and corroborative. Miksatka v. Illinois Northern Ry. Co., 49 Ill App2d 258, 199 NE2d 74; Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209; Reske v. Klein, 33 Ill App2d 302, 179 NE2d 415.

In this case the defendant was aware through Rosales' deposition that there was an occurrence witness named Lorenzo and, therefore, he was not taken by surprise in that regard. But he certainly must have been surprised when Lorenzo, who was supposed to be living in Mexico, appeared in court. Lorenzo himself was unknown to the defendant, and whether the address given for him in Mexico was innocently incorrect or knowingly false, it effectively deterred the defendant from communicating with him or even from attempting to locate him and it accordingly prejudiced the defendant in the preparation of his defense. If the Chicago address of the witness had been given, it is reasonable to suppose that the defendant would have interviewed him or would have taken his deposition.

█ The plaintiff suggested, during the discussion in chambers on the morning of the trial, that the

defendant question Lorenzo during the noon hour. The offer was not accepted by either the defendant or the court. Questioning Lorenzo would have required the services of an interpreter and because of the time limitation, might not have been either feasible or adequate. Talking to a witness during an interval in the trial cannot be regarded as a universal cure-all for interrogatory deficiencies. An interview with a witness shortly before he takes the stand is not always a satisfactory substitute for a pretrial deposition. A deposition not only permits a thorough examination under oath but also provides a provable record that can be used for impeachment purposes; it may disclose facts that should be investigated, information that should be verified, leads to other witnesses that should be pursued or aspects of the witness' background that should be checked; it may also reveal data about the witness which would influence the selection of jurors.

No formal offer of proof was made as to Lorenzo's testimony but it was understood that he would corroborate Rosales as to the assault in the tavern and as to the liquor served the assailant, Martinez. The content of a witness' testimony is a factor taken into consideration by the courts and if his testimony is merely cumulative they are more inclined to permit him to testify. At this trial but two witnesses testified: the plaintiff and the defendant. Lorenzo would have been the only nonparty witness and his testimony, although cumulative, might have carried some weight with the jury on the question of the preponderance of the evidence. His testimony, therefore, would have been helpful to the plaintiff; by the same yardstick it would have been harmful to the defendant. The trial judge was aware of this as he was of

the other features of the case, including the circumstances surrounding the plaintiff's failure to answer the interrogatories and his furnishing an address in a foreign country for a witness who lived in Chicago.

 The appropriate sanction to be imposed for noncompliance with a discovery order is discretionary with the trial court. Granger v. Turley, 20 Ill App 2d 488, 156 NE2d 610; Ferraro v. Augustine, 45 Ill App2d 295, 196 NE2d 16. The discretion is broad and its exercise will not be interfered with unless it appears that it has been abused. It was not abused in this case. The trial judge made no snap judgment but arrived at his decision after careful inquiry and consideration of the factors involved. The failure of the plaintiff to answer the interrogatories twice served upon him and his failure to comply with an order of the court directing him to answer alone justified the exclusion of the witness. The sanction imposed, while severe, was less drastic than the dismissal of his complaint and judgment on the remaining pleadings —a sanction permitted by rule 19–12(3) if a party does not comply with an order entered under the discovery rules. The fact that the plaintiff had disclosed the name of the witness in a deposition did not excuse him from answering the interrogatories. Interrogatories may relate to the same matters covered by depositions. Sup Ct Rule 19–11(4). That the name itself was of no surprise to the defendant was a factor the court could and did consider in determining what sanction to apply. The incorrect address furnished by the plaintiff in his deposition compounded his failure to answer the interrogatories; it was an additional reason why his not doing so was flagrant. Offering the witness for questioning during the noon recess

neither cured the plaintiff's noncompliance with the court's order nor his error as to the address.

Judgment is affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.