**Allie Banks, Plaintiff-Appellee, v. Bowman Dairy Company, an Illinois Corporation, Defendant, and George Koliopoulos, Defendant-Appellant.**

**Gen. No. 65–29.**

Second District.

November 22, 1965.

Michael J. Costello, of Chicago, for appellant.

Erwin Cohn, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff, Allie Banks, obtained a judgment against the defendant, George Koliopoulos, on a $5,000 verdict for personal injuries resulting from an automobile collision. The accident occurred July 16, 1962, at the intersection of Langley Avenue and 63rd Street, Chicago, Illinois, when vehicles driven by the respective parties collided. The defendant, Bowman Dairy Company, at the close of all the evidence, obtained a directed verdict and is, therefore, not a party to this appeal.

From a denial of his post-trial motion, the defendant appeals, assigning two errors on the part of the trial court. The first error was the admission into evidence of certain X-rays without the proper foundation along with testimony concerning the interpretation of these X-rays. The second error was the improper restriction of defense counsel on cross-examination of the plaintiff, in that he was precluded from asking how long she had been driving an automobile prior to this occurrence.

With regard to the X-rays, the plaintiff called the supervisor of the medical records at the University of Chicago Hospital Clinic, who testified that she was the custodian of the records of all the patients; that she had with her the records of the plaintiff; that the records were kept under her direction and control and were in the original condition; that a number is assigned to each

new patient; that plaintiff's number was 714140, which corresponds with the number on the X-rays.

Doctor Roger A. Burgos, a radiologist at the hospital, testified that he had no independent recollection of plaintiff; that page N–29 of the hospital record bears his signature; that on July 16, 1962, he examined four X-rays of that date, all bearing unit number 714140; that the films were exposed by a technician under his control; that if any films are not diagnostic, he may ask for more films; that he was present at the hospital when the films were exposed but was not in the X-ray room; and that they were ordered by the admitting physician. He went on to testify as to the procedure followed by the X-ray department, being that the patient is brought to the X-ray department and assigned a room with a technician. The technician exposes the films, they are checked by the officer of the day and then placed in envelopes for recording by clerks. Dr. Burgos then disclosed that he had seen the questioned X-rays the same day, and they were diagnostic. He then interpreted to the jury the X-ray films of July 16, 1962.

The plaintiff testified to facts concerning the collision, in that she was taken to the hospital from the scene of the accident; that she received a clinic card when she entered the hospital, and that this card bore the number 714140.

An examining physician saw the plaintiff in 1964 just before the trial. He took additional X-ray films and found the same condition present in a healed state as was presented by the X-rays of July 16, 1962.

Defendant contends that the admission of the 1962 films and the reading of them by the radiologist was error, citing Stevens v. Illinois Cent. R. Co., 306 Ill 370, 137 NE 859 (1923); Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 150 NE 276 (1925), and Lachenmyer v. Glotfelty, 284 Ill App 397 (1936). However, defendant does not contend that the X-rays in question were other

than those taken of the plaintiff, nor is any other specific objection to the films raised.

The Stevens and Wicks cases are early landmark decisions rendered at a time when X-rays were relatively new and the science of radiology was not well understood. Both cases spell out methods of proving a foundation for the admission of X-rays; however, even in the Wicks case, a failure to lay the proper foundation was held not to be prejudicial error where there was no contention at the trial that the condition described did not exist or that the film showed a condition different from that described by the doctor.

Similarly in the Lachenmyer case, the admission of the films was held not to be reversible error where the technicians taking the films testified, but did not use the fluoroscopic tests suggested in the Stevens case.

In more recent decisions we find the courts more willing to accept the same standards of accuracy and identification as are being used by doctors and hospitals in the day to day care of patients. Lazarus v. Friel, 331 Ill App 552, 73 NE2d 647 (1947) ; Smith v. Broscheid, 46 Ill App2d 117, 196 NE2d 380 (1964) ; Hickey v. Chicago Transit Authority, 52 Ill App2d 132, 201 NE2d 742 (1964).

██ Rules of evidence are established for the orderly trial of cases and to permit parties to present relevant proof in support of their cases consistent with reasonable standards safeguarding the rights of the opposition to cross-examine, disprove and explain. Evidence rules are created to encourage and insure the presentation of the truth—not simply to throw senseless road blocks in the path of justice. Modern day hospital practice is such that the radiologist very likely does not see the patient, the treating doctor is not present when the X-rays are exposed or read, and he may well rely heavily upon the radiologist's report in diagnosing and treating his patient's condition. X-rays are made with proper identi-

116

fying marks and the trained radiologist can determine from the film itself as to whether the exposure is proper and the film diagnostic. When these safeguards are accepted in the hospital, we see no reason why they should not be similarly accepted in court, particularly in the absence of any specific objection to the identity of the exhibit. We find that there was no error in the admission of the July 16, 1962 X-ray films.

 Defendant-appellant's objection to the ruling of the trial court on cross-examination of the plaintiff as to her driving experience is with merit. Although it is true considerable latitude should be granted by the trial court in controlling cross-examination of a party on any relevant matter, we do feel that the court erred in its ruling sustaining objection to questions pertaining to the length of time plaintiff had driven an automobile. Her experience is not determinative of the question of her due care at the time of the accident. Nevertheless, we feel that the exclusion of this evidence in this particular case is harmless error and would not have changed the result herein.

The judgment of the trial court is affirmed.

Judgment affirmed

ABRAHAMSON, P. J. and DAVIS, J., concur.