**Arthur Melvin Greenberg, a Minor, by His Mother and Next Friend, Betty Greenberg, Plaintiff-Appellee, v. George Karris, Administrator of the Estate of Leo Karris, Deceased, Defendant-Appellant.**

Gen. No. 51,180.

First District, First Division.

February 20, 1967.

■■■■■■■■■■■■

Erwin Cohn, of Chicago, for appellant.

Drake Leoris, of Chicago (George E. Downs, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an action for personal injuries brought by plaintiff who was a passenger in an automobile against the Administrator of the Estate of Leo Karris, the deceased having been the driver. The trial was conducted without a jury and judgment was entered for the plaintiff in the sum of $7,500 based on wilful and wanton misconduct by the deceased and the defendant appeals.

The accident occurred at 4300 South Pulaski Road about 4:00 a. m. on March 10, 1961. Officer Frederick Lafferty, a member of the Accident Investigation Unit for 19 years, testified that the involved vehicle was a Ford Thunderbird sedan which he concluded was operating northbound in a 35 m.p.h. zone on Pulaski Road between lane two and lane three which was closest to the center line. In these northbound lanes he observed skid marks for 18 feet which then became skurrf marks which are marks a vehicle makes when its brakes are locked or almost locked. These skurrf marks traversed the entire three southbound lanes of Pulaski then went over a curb and into a parking area. The vehicle's right rear fender struck a telephone pole and made a complete 180-degree turn before coming to a rest. He said he noticed an odor of alcohol in the car which primarily emanated from the deceased.

Plaintiff who was eighteen years of age at the time of the occurrence had attained his majority at the time of the trial. He testified that the first thing he remembered, after the accident, was lying on the ground, with a policeman standing over him.

The defendant contends that the court improperly restricted the cross-examination of the witnesses regarding any drinking by the plaintiff, and that plaintiff was

272

guilty of contributory, wilful and wanton misconduct as a matter of law. It is further contended that there is no evidence in the record to establish wilful and wanton misconduct on the part of the defendant; that the court erred in permitting a witness, Leonard Legner, to testify; that the finding by the court was against the manifest weight of the evidence and that there should have been a judgment for defendant; and that the amount of the judgment was excessive.

■ To recover for personal injury sustained when a person is traveling in a vehicle of another, as a guest, it is incumbent upon the plaintiff to prove the host guilty of wilful and wanton misconduct. Ill Rev Stats 1961, c 95½, § 9–201. The plaintiff concedes that evidence of skidding on a highway and striking an inanimate object will not alone sustain a finding of wilful and wanton misconduct without any other testimony. However, plaintiff says that a combination of the evidence establishes that the defendant having consumed six or seven scotches within an hour and a half of the accident, coupled with the skid and skurrf marks crossing three lanes of traffic, going over a curb and striking a pole with such force that plaintiff was thrown out of the car and the driver through the windshield, infers that the speed was in excess of the 35 m.p.h. limit, showing that the driver lost control of his vehicle and was guilty of wilful and wanton misconduct.

The sole evidence that the driver of the vehicle had consumed six or seven alcoholic drinks before the occurrence was shown by the testimony of Leonard Legner, called as plaintiff's witness. He said that when he went to the Eden Roc Bar, after 1:00 a. m., he found the deceased who was his supervisor at Boston Pizza and the plaintiff who was his fellow employee seated together at the bar, and he thought Karris, the deceased, had a scotch in his hand at the time. He testified that in

an hour's time he and the deceased had six or seven drinks, each buying several rounds.

The defendant contends that, "where the plaintiff specifically negates, at his discovery deposition, the presence of any additional persons, under circumstances which he would be expected to know all persons present, the plaintiff is precluded at trial from calling a witness allegedly present and not named." Counsel for plaintiff argues that Legner's name was not submitted in answer to the interrogatory because his client was not aware that the facts of the occurrence also meant the facts prior to the occurrence, and further, that the first time they discovered this witness was when he questioned his client the night prior to the trial. When objection to the witness was made and overruled, a five-minute recess was taken to allow defendant's counsel to talk to the witness.

In his pretrial discovery deposition the plaintiff testified that he knew no one at the Eden Roc premises before the occurrence other than the deceased. Officer Lafferty testified that he detected an alcoholic odor in the car and on the driver, but in his police report he marked "unknown" regarding the sobriety condition of the driver.

The defendant had an absolute right to rely upon plaintiff's sworn deposition testimony that he knew no one at the Eden Roc Bar, but instead of this being an admitted fact at the trial, Legner, a fellow employee of plaintiff, both working for the driver of the vehicle, was offered as a witness to the complete surprise of defendant. There were no eyewitnesses to the accident and it is undisputed that Legner's name was not given in answer to an interrogatory seeking the names and addresses of occurrence witnesses nor at the time of the deposition.

Plaintiff contends that it was within the discretion of the trial judge whether under these circumstances Leg-

ner could testify citing Rosales v. Marquez, 55 Ill App 2d 203, 204 NE2d 829 and Quatrano v. Marrocco, 61 Ill App2d 1, 208 NE2d 632. This is not a situation where as in Rosales the plaintiff flagrantly failed to answer interrogatories and the ruling by the trial judge that the witness was not permitted to testify was affirmed as being discretionary, nor is it like Quatrano where the witnesses offered were only cumulative or were no surprise to defendant and were permitted to testify.

Plaintiff's counsel argues in explanation that plaintiff in the instant case was approximately 20 years of age at the time of his deposition and was confused. He insists it was an innocent misstatement. He says the court took this into consideration and the further fact that this witness was only discovered the day before the trial as being essential to plaintiff's case, and also, that the defense counsel was offered the opportunity to question the witness before he took the stand. We believe this argument to be too strained to be reasonable.

■ In our opinion, the trial judge should have excluded this witness from testifying or should have declared a mistrial. Talking to a witness for the first time during the trial was not the cure for plaintiff's misstatement. Rosales v. Marquez, 55 Ill App2d 203, 204 NE2d 829. The defendant should at least have been offered the opportunity to take the deposition of this witness, under oath, at a future time, which may have provided him with a provable record for impeachment purposes or information leading to other witnesses, and for such other investigation that defendant might require. We believe, that under the circumstances of this case, it was prejudicial error for the trial judge to permit the witness, Leonard Legner, to testify until the defense had a reasonable opportunity to make a pretrial investigation.

The defendant also contends that the trial court erred in refusing to permit Leonard Legner to be cross-examined concerning the drinking of the minor at the Eden Roc. The testimony concerned occurred when Mr. Legner was asked, on cross-examination, whether plaintiff had anything in his hand at the Eden Roc Bar when he came there. An objection to the question was made and sustained on the ground that it was improper cross-examination. Legner was subsequently called as a defense witness and when he was asked what the plaintiff had in his hand when he came to the bar, he answered, "It was liquor. It must have been liquor," and upon objection the answer was stricken. He later said he didn't know what type of drink, but he knew the bartender served the plaintiff alcohol. He also said six or seven rounds of drinks were consumed and something had been ordered for the plaintiff.

■ ■ The general and long accepted rule of law is that contributory negligence of the plaintiff is a defense for a defendant charged with negligence. The corollary of this rule is that contributory wilful and wanton misconduct of the plaintiff is a defense for a defendant charged with wilful and wanton misconduct. Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848.

■ ■ We believe that it was error for the trial judge to restrict cross-examination of Legner in regard to the drinking of the plaintiff. Considerable latitude should be granted by the trial court in controlling cross-examination where, as here, the testimony sought is reasonably related to a possible relevant defense of the defendant. Banks v. Bowman Dairy Co., 65 Ill App2d 113, 212 NE2d 4.

Since there must be another trial of this cause, we shall not discuss the other contentions, and nothing in this opinion should be considered as a reflection on the merits of the case.

The judgment of the Circuit Court is therefore reversed and the cause remanded for new trial.

Reversed and remanded.

MURPHY, P. J. and ADESKO, J., concur.