LEONA BRZEZINSKI, as Admr. of Estate of Jerome Brzezinski, Deceased, Plaintiff-Appellee, *v.* STANLEY GAJDA, d/b/a GAJDA'S SHADY LANE LOUNGE, Defendant-Appellant.

(No. 55502; ▮▮▮▮▮▮▮

First District—May 10, 1972.

▮▮▮▮▮▮▮▮▮▮▮▮

Mullin & Devine, of Chicago, (William M. Devine, of counsel,) for appellant.

Benjamin Sugar and Michael Postillion, both of Chicago, (William J. Harte and Philip Rock, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a judgment entered upon a jury verdict for plaintiff Leona Brzezinski in an action under the Illinois Dram Shop Act for damages sustained when plaintiff's husband, allegedly intoxicated, was shot and killed by defendant Stanley Gajda.

The sole issue on appeal is whether the trial court erred in allowing a witness to testify for plaintiff who had not been named in answer to defendant's interrogatories. The facts are as follows:

On January 15, 1965, Jerome Brzezinski entered Gajda's Shady Lane Lounge, a Chicago tavern, and began drinking beer. Defendant, Gajda, served Brzezinski several beers and at approximately 11 o'clock that evening Brzezinski began throwing glasses and bottles at defendant, inflicting a gash upon defendant's arm that required 26 stitches to close. It was at this time that defendant fired three bullets into Brzezinski's body. Brzezinski died the next day as a result of his wounds.

Plaintiff brought this death action under the Illinois Dram Shop Act on March 15, 1965. On August 10, 1965, a deposition of the plaintiff was taken and plaintiff informed defendant that Mrs. Joseph Chaplick was in defendant's tavern on the night in question and that she saw the decedent, Jerome Brzezinski in the tavern at 9:30 that evening. On June 20, 1969, defendant filed interrogatories asking for the names of witnesses to the incident, to the intoxication of decedent, and to the gift or sale of intoxicating liquor to decedent. These interrogatories were duly answered by plaintiff on August 21, 1969, but while the name of Joseph Chaplick was included, the name of Mrs. Chaplick was omitted, although,

over defendant's objection, Mrs. Chaplick was subsequently allowed to testify at the trial.

The action came to trial on June 9, 1970, and on June 11, 1970, the jury returned a verdict for plaintiff in the amount of $100,000 which the court reduced to the statutory maximum of $20,000 and entered judgment thereon. It is from that judgment that defendant appeals.

■■ Defendant contends on review that the trial court erred in allowing a witness, Mrs. Chaplick, to testify to defendant's sale of intoxicating liquor to decedent and to decedent's intoxication, when the name of that witness was not given in response to the defendant's interrogatories seeking names of witnesses to the incident, witnesses to the intoxication of decedent, and witnesses to the gift or sale of intoxicating liquor to the decedent. It is well settled that the appropriate sanction, if any, to be imposed for failure to list a witness in response to an interrogatory is within the discretion of the trial court. (*Ferraro v. Augustine*, 45 Ill.App.2d 295, 196 N.E.2d 16; *Granger v. Turley*, 20 Ill.App.2d 488, 156 N.E.2d 610.) The discretion is broad and its exercise will not be interfered with unless it appears that it has been abused. (*Rosales v. Marquez*, 55 Ill.App.2d 203, 204 N.E.2d 829.) Defendant contends that the trial court abused its discretion in the instant case and cites *Greenberg v. Karris*, 80 Ill.App.2d 270, 225 N.E.2d 490 and *Battershell v. Bowman Dairy Company*, 37 Ill.App.2d 193, 185 N.E.2d 340 in support of his contention. Both of these cases, however, are distinguishable from the case at bar.

In both *Greenberg v. Karris* and *Battershell v. Bowman Dairy Company*, this court reversed the decisions of the trial courts allowing witnesses to testify who had not been named in proper interrogatories. However, in both cases, this court found that the parties whose interrogatories were improperly answered had no actual knowledge of the identity of the witness who subsequently testified, and were taken by complete surprise. This court also found in both instances that the testimony of the surprise witness was not merely cumulative, but rather contributed substantially to the case of the party calling that witness, in one instance it being the only evidence on an essential point and in the other it substantially affected the preponderance of the evidence on a vital issue.

■ In the instant case, defendant was not taken by complete surprise by the omission of Mrs. Chaplick's name from an interrogatory, nor was Mrs. Chaplick's testimony necessarily essential to the outcome of the case. The name of the witness in question, Mrs. Chaplick, was made known to defendant on August 10, 1965, when defendant took the deposition of plaintiff. Further, the testimony of Mrs. Chaplick to the defendant's sale of intoxicating beverages to decedent and to the de-

cedent's intoxication, was merely cumulative, as admissions by the defendant himself to both his service of intoxicating beverages to decedent and to the intoxication of decedent at the time in question were admitted in evidence at the trial. It has often been held that it is not prejudicial error to allow a witness to testify whose name has been omitted from proper interrogatories when the testimony of that witness is merely cumulative. *Quatrano v. Marrocco*, 61 Ill.App.2d 1, 208 N.E.2d 632; *Reske v. Klein*, 33 Ill.App.2d 302, 179 N.E.2d 415; *People v. Garnier*, 20 Ill.App.2d 492, 156 N.E.2d 613.

When defendant objected at trial to the testimony of Mrs. Chaplick, the trial judge in an in camera proceeding specifically considered the statements made by plaintiff at her deposition, considered that defendant had a copy of that testimony, considered that plaintiff maintained it was merely an oversight that the name was omitted from a subsequent interrogatory, and in the exercise of its discretion the trial court found that defendant was neither surprised nor prejudiced by allowing the witness to testify. Our examination of the record reveals that the trial court did not abuse its discretion in allowing Mrs. Chaplick to testify. The decision of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.