MARGARITA ACOSTA, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (4th Division)   No. 60875

Opinion filed May 26, 1976.

Jack A. Arfa, of Miller and Pomper, of Chicago, for appellant.

Sal M. Bianchi and Damien T. Wren, both of Chicago Transit Authority, and John J. O'Toole, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Following a bench trial, judgment was entered in favor of defendant in this personal injury action. Plaintiff appeals contending that:

> (1) The trial court erred in admitting the testimony of a defense witness whose name was not revealed prior to trial;
>
> (2) The trial court erred in quashing plaintiff's subpoena for production of documents; and
>
> (3) The judgment is contrary to the manifest weight of the evidence.

Plaintiff testified through an interpreter that she fell from a CTA bus numbered 8292 at the corner of Leavitt and Chicago on April 24, 1970, at approximately 6:40 p.m. She alleged that she was leaving the bus through the rear doors and had one foot on the ground while holding the doors open when the bus began to move. The movement caused her to fall to the ground and injure herself. The bus driver of CTA bus 8292 testified over plaintiff's objection. He stated that he remembered no accident such as that described by plaintiff. He further related the safety procedures used by the CTA to prevent accidents. An employee of defendant testified as an expert witness. He stated that an interlocking system prevented a bus of the 8200 series, including bus 8292, from moving when the rear doors were open. The trial judge found for defendant and against plaintiff after closing arguments and this appeal followed.

■■ Plaintiff contends that the trial court abused its discretion in allowing the bus driver to testify when his name was not given in response to two interrogatories seeking names of persons present at the scene of the occurrence and persons having knowledge of relevant facts. She had requested that the trial court enter a judgment by default against defendant or bar the testimony of the bus driver. Those sanctions, if any, to be imposed for failure to list a witness in response to an interrogatory are within the discretion of the trial court. *(Ferraro v. Augustine* (1964), 45 Ill. App. 2d 295, 196 N.E.2d 16.) This discretion is broad, and its exercise will not be disturbed unless an abuse is apparent. *(Brzezinski v. Gajda* (1972), 5 Ill. App. 3d 977, 284 N.E.2d 383.) In determining the appropriateness of a sanction the court looks to the surprise to the opposing party, the good faith of the party calling the witness, an equal opportunity and access of the opposing party to interview or depose such witness prior to trial, and prejudice resulting to the opposing party from such testimony. *Buckler v. Sinclair Refining Co.* (1966), 68 Ill. App. 2d 283, 216 N.E.2d 14.

■■ Plaintiff in the case before us filed her interrogatories on October 26, 1973. No further production orders were requested. Not until April 30, 1974, while the trial was in progress did plaintiff ask the court for

sanctions against defendant for his failure to respond to her interrogatories. Plaintiff requested that the bus driver whose name was not given in response to the two interrogatories be barred from testifying at trial. She did not ask for a continuance to depose or interview the bus driver. Furthermore, she knew the number of the bus in question and yet did not ask for the name of the bus driver. She did not pursue the answers to her interrogatories from the date of filing until the bus driver was actually called as a witness. We are of the opinion the trial court did not abuse its discretion in allowing the bus driver to testify.

Plaintiff argues that the trial court abused its discretion in quashing her subpoena for the production of the records. She looks to *Cox v. Yellow Cab Co.* (1975), 61 Ill. 2d 416, 337 N.E.2d 15, for the proposition that a party is entitled to use the subpoena for purposes of impeachment and rebuttal. To unduly limit discovery rules would be to inhibit pretrial settlements and the efficient and expeditious administration of justice. (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 221 N.E.2d 410.) While *Monier* did not find interrogatories to be a necessary condition precedent to discovery, *People ex rel. General Motors Co. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, found that the trial judge in the exercise of his discretion may require such prior use to expedite identification of relevant material. Moreover, it has been held that to require production of complete records for Corvair model years 1960 through 1965 in the absence of a showing of relevancy or materiality is an abuse of the trial court's discretion. *Bua,* at 93.

■■ Plaintiff in the case before us filed suit on April 23, 1971. Pretrial discovery then proceeded and the trial began on April 24, 1974. Defendant called the bus driver who testified on both direct and cross-examination as to the operation of the bus in question. Defendant's expert witness then testified as to the operation of the series of buses to which the bus in question belonged. Only then did plaintiff subpoena the records, charts, diagrams, memoranda and documents showing the construction of the bus in question. Where the plaintiff in *Cox* demanded production of a relevant statement before and during the trial, plaintiff in the instant case served her subpoena for the first time after she had rested and defendant had called its second witness to testify concerning the operation of the bus. We find the trial judge did not abuse his discretion in quashing plaintiff's subpoena.

Plaintiff argues that the judgment of the trial court is against the manifest weight of the evidence. In a bench trial, where the trial judge is in the best position to observe the credibility of the witnesses, the appellate court will not disturb the findings of the trial court unless they are against the manifest weight of the evidence. (*Hunter v. DeMay* (1970), 124 Ill. App. 2d 429, 259 N.E.2d 291.) For a judgment to be against

the manifest weight of the evidence an opposite conclusion must be clearly evident. *City of Palos Heights v. Pakel* (1970), 121 Ill. App. 2d 63, 258 N.E.2d 121.

■■ Plaintiff in the case at bar claims to have been injured when a bus operated by defendant moved while she was stepping from the bus. The driver of the bus in question testified that he remembered no such accident as the one described by plaintiff. He further stated that the bus was equipped with an interlock system for the doors to prevent the bus from starting until people had safely alighted. A defense expert witness corroborated the bus driver's testimony concerning the function of the accelerator interlock mechanism of the CTA buses. In any event, the record discloses that both parties presented evidence tending to support their own versions of the accident, and we cannot say that the verdict was unwarranted. We find the trial judge to have been in the best position to observe the credibility of the witnesses. Moreover, an opposite conclusion to that judgment rendered by the trial judge is not clearly evident.

For the foregoing reasons we affirm the judgment of the trial court.

Judgment affirmed.

JOHNSON, P. J., and BURMAN, J., concur.