■ INCORPORATED VILLAGE OF LAUREL HOLLOW, Respondent, v. LAVERNE, INC., et al., Appellants, et al., Defendants.— In an action to recover penalties for violations of the plaintiff's Building Zone Ordinance, the defendants Laverne, Inc. (formerly Laverne Originals, Inc.), Erwine Laverne and Estelle Laverne appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County, entered July 30, 1964, as denied their motion for summary judgment with respect to the third cause of action and as granted partial summary judgment to the plaintiff as against them in the amount of $300 plus interest of $.80 each, for a total of $902.40 as to the three enumerated dates embraced in the third cause of action. Order and judgment modified as follows: (1) by striking out from its second decretal paragraph so much thereof as excepts the violations alleged to have occurred on July 24, 1962, October 18, 1962 and December 17, 1962; and (2) by striking out the fourth decretal paragraph. As so modified, order and judgment, insofar as appealed from, affirmed, without costs. No issue was or is raised on the ground that the Statute of Limitations was not pleaded as a defense (cf. *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87). The three-year Statute of Limitations was applicable to this action by the village to recover a penalty (former Civ. Prac. Act, § 49, subd. 3; Village Law, § 339; *City of New York* v. *Brooklyn, Queens County & Suburban R. R. Co.,* 219 App. Div. 90). The plaintiff's ordinance authorized enforcement thereof by criminal prosecution and a fine; by an action by the village to recover a daily civil penalty after notice to abate the violation had been served; by an action for an injunction, or by a contempt proceeding after an injunction had been obtained. On December 27, 1962 and on April 19, 1963 orders were entered punishing the defendants Laverne Originals, Inc., Estelle Laverne and Erwine Laverne for contempt of court for violating the provisions of an injunction decree and enjoining them from violating the Building Zone Ordinance in specific detail (*Incorporated Vil. of Laurel Hollow* v. *Laverne Originals,* 283 App. Div. 795, affd. 307 N. Y. 784). The contempt orders were based on affidavits by the Village Building Inspector showing violations of the ordinance on three specific dates, July 24, 1962, October 18, 1962 and December 17, 1962. On April 6, 1963, the defendants Erwine Laverne, Laverne Originals, Inc. and the three nonappealing defendants, after trial in the Court of Special Sessions of the plaintiff village, were adjudged guilty of three separate offenses committed on July 24, 1962, October 18, 1962 and December 17, 1962, respectively, as violations of the plaintiff's ordinance. These three dates were the same dates as were the grounds for the two contempt orders. On June 10, 1964, two days before the appellants' motion for summary judgment was returnable, the Court of Appeals reversed the order of the County Court affirming the convictions of Erwine Laverne and dismissed the informations on the ground that the convictions were the result of an unlawful search (*People* v. *Laverne,* 14 N Y 2d 304). The award of partial summary judgment to the plaintiff was made on the ground that the adjudication in the contempt proceedings that the appellants had violated the zoning injunction and ordinance on three specific dates was *res judicata* with respect to the particular dates. A penalty may be recovered in a civil action. But the action is a quasi-criminal one and involves a punishment for the infraction of the law. "The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution" (*United States* v. *Chouteau,* 102 U. S. 603, 611; *Boyd* v. *United States,* 116 U. S. 616, 634). A suit for a penalty is within the constitutional rule excluding evidence unlawfully obtained (*Boyd* v. *United States,*

*supra*; cf. *Plymouth Sedan* v. *Pennsylvania*, 380 U. S. 693; *Incorporated Vil. of Laurel Hollow* v. *Laverne Originals*, 24 A D 2d 616). With the unlawful evidence excluded, there was no adequate proof to establish that the ordinance was violated by the appellants on the three specific dates. Moreover, the liability for penalties was incurred only after service of a notice to abate the violation of the ordinance and there was no affidavit by any person having personal knowledge stating that the notices were served on the defendants. However, summary judgment may not be granted dismissing the third cause of action because the plaintiffs may produce lawful evidence on the trial to establish the violations. (For companion appeals, see *Incorporated Vil.·of Laurel Hollow* v. *Laverne Originals*, 24 A D 2d 616; *Laverne* v. *Corning*, 24 A D 2d 602). Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.