**City of Palos Heights, a Municipal Corporation, Plaintiff-Appellant, v. Philomena Pakel, Defendant-Appellee.**

Gen. No. 53,034.

First District, Second Division.

February 10, 1970.

Warren L. Swanson, of Chicago (Larry S. Bauer, of counsel), for appellant.

Edwin J. Belz, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

The city of Palos Heights (hereinafter referred to as the City) appeals from a judgment order finding the defendant, Philomena Pakel, not guilty of violating a specific section of the City's zoning ordinance.

This action was commenced by the City when it filed a quasi-criminal complaint against the defendant. The complaint itself is a printed form containing a few words and many blank lines to be filled in by the pleader. Evidence at the trial showed that this complaint was signed by the City's chief of police on instructions of the City, apparently without advice of counsel. In its complaint, the City alleged that the defendant, on or about September 28, 1966, and each day thereafter, caused to be constructed and continued to maintain at Palos Heights, Illinois, an accessory building in violation of the front yard setback limits as provided in its zoning ordinance. The particular zoning ordinance allegedly violated was specified in the complaint.

Summons was served on the defendant and she filed her answer alleging that she was the owner of a home located on a corner lot in the City of Palos Heights; that on or about July 25, 1966, and by and through Oko Pool Company, she applied to the City of Palos Heights for a permit to install a swimming pool in her backyard and an accessory filtration building in a portion of her front yard; that attached to this application for a building permit was a sketch showing the location of the swimming pool and accessory building on her property, a copy of which sketch was attached to her answer

as an exhibit and expressly made a part thereof; that on or about August 1, 1966, the City issued such a permit to the Oko Pool Company; and that, relying on this permit, the defendant had the swimming pool fully installed and the accessory building was being erected when the City stopped all further work on the latter structure. The defendant also denied that her accessory building violated the front yard limits of the City's zoning ordinance.

At the trial of these issues before the court without a jury, the City presented five witnesses material to the issues in this appeal. They were: Mrs. Henrietta Marjan, the City Clerk; Patrick Harris, the chief building inspector; Joseph Studnicka, a licensed land surveyor whose firm prepared a plat of survey of the defendant's property for the City; John Johansen, a City alderman and chairman of the building and license committee; and Howard Tuma, the chief of police who signed the complaint. The testimony of two of the defendant's witnesses is material on appeal; namely, Mr. Oko, the swimming pool contractor, and the defendant herself.

Mrs. Marjan testified that section 6.4 of the City's zoning ordinance requires a thirty-foot front yard setback and that when a house is located on a corner lot, as is defendant's, this setback is required in the yard fronting on each street. At the request of defendant's counsel, the court took judicial notice of the City's ordinances. Thereafter, an application for building permit signed by Mr. Oko was admitted into evidence without objection. Mrs. Marjan identified the document as an application to build a swimming pool; stated it was filed with her office by Mr. Oko; and that she processed it by giving it, along with the plans and specifications, to the building inspector for his review and approval.

A permit was issued to Mr. Oko authorizing the construction of a swimming pool. Subsequently, a conversation was held in Mrs. Marjan's office between Mr. Har-

ris, the building inspector, Mr. Oko as agent for the defendant, and Mrs. Marjan. The subject of this conversation was the size of the building which would cover the filtration equipment required by the swimming pool. Mr. Oko was asked to state the size of this contemplated structure and he said that it would be built no higher than a kitchen table and, when completed, would resemble a picnic table.

A sketch of the defendant's home, swimming pool, and filtration structure was admitted into evidence without objection. Mrs. Marjan identified the sketch as being submitted by Mr. Oko after the City had issued the permit. We note that this is the same sketch which was incorporated by reference into the defendant's answer. From the record we observe that this document is composed of a rough drawing of the defendant's home and swimming pool giving their respective dimensions. Also included is a square figure with the word "FILTRATION" printed within it. Setback lines are also shown. Based upon its position in this sketch, the figure marked "FILTRATION" is shown to be in plain violation of the City's front yard setback ordinance.

In concluding her testimony, Mrs. Marjan referred again to the application for building permit, which had earlier been admitted into evidence, and noted that the application showed no carpentry work was to be done in connection with the swimming pool. The sketch, a copy of which was attached to the defendant's answer, came to her office about one month after the permit had issued for construction of the swimming pool. She did not know that the filtration plant was to be put in the front yard until the building inspector brought this to her attention.

The City's chief building inspector, Patrick Harris, testified that the day after he received the application for building permit, he and Walter Lysek, chief electrician for the City, went to the defendant's home and

67

saw that Oko had already staked out the pool in the backyard preparatory to excavation; that a filtration system was a part of the pool; and that at the site Lysek asked Oko where this system was to be placed on the defendant's land. Oko pointed to a position in the backyard and received the permit the next day.

Harris also identified a group exhibit which was submitted to the City by Oko and which contained plans for the swimming pool. He said that this exhibit showed a filtration unit as part of the pool. The size of this unit was about 3′ x 3′ x 3′. It rested on a concrete slab. The plans did not show where the filtration plant was to be placed and did not call for an accessory building. Harris visited the site on many occasions after the permit was issued. On one such visit he saw the filtration plant where it presently stands. There was no building over it and it stood 3′ x 3′ x 3′.

In August, 1966, Harris again visited the site and met a man there who was constructing a building over the filtration plant. Harris stated that the size of the building was about 12 feet high and 14 feet long. There was no siding on the structure yet but the studs were up and a few boards were on the roof. He told the man that such a building could not be erected there and showed him the zoning ordinance. The man identified himself as the defendant's father-in-law and said he was through for the day. A few days later Harris again told the defendant's father-in-law to stop working on the structure or he would be subject to a fine. Harris then put a stop-work order on the filtration building.

This witness also identified a plat of survey which was shown to him by counsel for the City and said that the filtration building shown on the plat is in the same location as when he viewed it on the defendant's property. The measurements shown on the plat were substantially the same as he and Mr. Johansen, an alderman and chairman of the Building Commission, had measured

68

with a tape when they together went to the site after the stop-work order had been placed on it. Harris did not return to the site until the day before he testified. At that time he noticed that the building was still standing. In conclusion, he testified that there are hedges approximately five or six feet high in the defendant's front yard. The filtration building stands within the hedges and approximately two or three feet from the defendant's home. The upper portion of the building is visible above the hedges, however. It is not located in the defendant's backyard.

Joseph Studnicka testified that he is a civil engineer and licensed land surveyor and identified an exhibit, shown to him by the City's attorney, as a survey made by his firm on which are shown measurements specifically locating, by feet, the structures located on defendant's property. The survey was admitted into evidence without objection. Studnicka stated that a one-story frame structure was shown on the plat and that the northernmost wall of this building was 14.33 feet from the defendant's building line. (Under the City's front yard setback ordinance, it must be at least 30 feet.)

John Johansen stated that he is an alderman in the City of Palos Heights and chairman of the building and license committee; that after the stop-work order was placed on the filtration structure, he went to the defendant's property with the chief building inspector, Harris; and that Harris measured the distance from the lot line to the filtration building and found it to be about fifteen feet.

Howard Tuma stated that he is Chief of Police, City of Palos Heights, and that he signed the quasi-criminal complaint against the defendant on instructions of the City.

Alex Oko testified for the defendant and stated that he was employed by the defendant to construct a swimming pool on her property; that he followed the City's

69

swimming pool ordinance which specified that filtration equipment must be located at least ten feet away from any side property line; and that the redwood filtration building involved in the instant case meets this requirement. He went on to say that the building is 8' x 10' or 10' x 12' and is about nine feet tall. It contains a one HP pump, an earth filter, vacuum cleaner equipment for the pool, diatomaceous earth bags of 100 lbs. each and approximately 32" high, and a 3' x 3' x 3' heater. Oko did state that he had nothing to do with the building of this structure. In conclusion, he testified that if he placed the filtration equipment anywhere else, it would still be in violation of the front yard setback ordinance and that it was necessary that the equipment be covered and protected from the elements.

The defendant testified that her father-in-law was a former contractor before his retirement and he erected the structure over the filtration equipment; that the pool and the accessories cost about $10,000; and that the lumber for the filtration building cost her $200 but her father-in-law was not charging her for his labor. She did say that the filtration equipment is embedded in a concrete slab and that although she did not have a permit for the construction of a building over the filtration equipment, she thought the swimming pool permit was applicable to this accessory building.

At the conclusion of all the testimony, the trial court found the defendant not guilty stating that since the concrete slab upon which the filtration equipment rests was approved by the City, everything above the slab, including the building, must also be in conformity with the City's ordinances.

In this appeal, the City contends that the judgment should be reversed because: (1) the defendant's filtration building is in violation of the City's front yard setback ordinance; (2) the issuance of a building permit

for a swimming pool and for a concrete slab to mount the filtration equipment did not permit the erection of a building to house the equipment; and (3) the building permit could not properly issue for the construction of a building in violation of the zoning ordinance. The defendant urges that the judgment must be affirmed because the City did not properly preserve the record in that it failed to include therein the ordinances, application for permit, and the plat of survey. Going to the merits of this litigation, the defendant contends that the pool ordinance controls the disposition of this case or alternatively, the doctrine of equitable estoppel must be applied against the municipality.

█ We do not agree with the defendant's contention that the judgment should be affirmed because the City failed to present a complete record to this court. At the request of counsel for the defendant, the trial court took judicial notice of the City's ordinances. Under the Judicial Notice Act, Ill Rev Stats (1967), c 51, § 48(b), this court shall do the same. We therefore note that section 6.4 of the City's zoning ordinance requires a front yard depth of at least thirty (30) feet; that where lots have a double frontage (i. e., corner lots), the required front yard shall be provided on both streets; and that no accessory building shall project beyond the front yard line on either street. The pleadings in this record indicate that a rough sketch, either prepared by Mr. Oko or apparently for his use, was attached to the defendant's answer as an exhibit and incorporated therein by reference. This document unmistakenly shows the defendant's filtration structure to be in violation of the City's front yard setback ordinance. Furthermore, the testimony of the witnesses for the City, clearly indicates the defendant's building to be a continuing violation of the City's setback ordinance. Although it would have been better practice for the plaintiff to include the application for permit, the

71

plat of survey, and the City's zoning ordinance in the record and in its excerpts from record, we hold that, within the facts of this case, we can reach an adjudication on the merits.

██ Although the City initially contends that the judgment should be reversed because the defendant's filtration building is in violation of its front yard setback ordinance, we take this argument to mean that the judgment should be reversed because it is opposed to the manifest weight of the evidence. We apply this civil rule of law to the facts herein because it is apparent to us that this action was commenced in an attempt to recover only a monetary penalty from the defendant thereby inducing her to remove the nine or twelve-foot high filtration structure, which is presently located in her front yard. A prosecution for the violation of a municipal ordinance and to recover a fine therefor, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870 (1967).

We note that the quasi-criminal complaint filed against the defendant does not contain a prayer for relief. It does contain a reference to section 6.4 of the City's zoning ordinance, the setback section, but this section does not contain in it the penalty for its violation. We have taken judicial notice of the City's complete zoning ordinance and note that none of the substantive sections contain a penalty clause therein. The penalty for violation is shown in a separate penalty provision, section 10.12–1 of the City's zoning ordinance, which provides, in relevant part, that:

> "Any person, . . . who violates, disobeys, omits, neglects, or refuses to comply with or resists the enforcement of any of the provisions of this ordinance shall be subject to a fine of not more than two hundred dollars ($200) or imprisonment for not

72

more than six (6) months, or both, for each offense; and each day a violation continues to exist shall constitute a separate offense."

Section 10.12–1 of the zoning ordinance, the penalty section, is not mentioned in the quasi-criminal complaint.

Since the instant complaint does not contain a prayer for relief, we cannot tell from its face if it was brought to imprison or fine the defendant. However, no motion to dismiss the complaint on this ground was made in the trial court and the defendant makes no such argument in this court. It is apparent to us, as apparently it was to the defendant and her counsel, that only a fine was sought from her. For example, she was served with a summons and not with a warrant after the complaint was filed; she was never arrested; and her counsel filed an answer to the complaint which is, of course, not normally done in a criminal prosecution.

 Failure to include a prayer for relief in the present complaint was apparently due to the fact that it was prepared by a layman without legal assistance and the form complaint does not contain an express prayer for relief section. A ground for liability is contained on its face, however, since the defendant is said to have committed a zoning violation by causing to be constructed and continuing to maintain an accessory building in violation of the City's front yard setback ordinance which is expressly cited in the complaint. This is not a case in which the complaint fails to state any ground of liability which the law will recognize. In any event, under section 42(3) of the Civil Practice Act, Ill Rev Stats (1967), c 110, § 42(3), which is applicable to the instant case, this defect in a pleading which otherwise states a ground of liability recognized by law was waived by the defendant when no objection was made in the trial court. Gustafson v. Consumers Sales Agency, 414 Ill 235, 110 NE2d 865 (1953).

■ ■ We come now to the manifest weight point. Previous decisions of this court have stated that a judgment is opposed to the manifest weight of the evidence where the opposite conclusion is clearly evident, plain or indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 147, 72 NE2d 705, 706 (1947); Jenkins v. Hechtman, 83 Ill App2d 72, 226 NE2d 383 (1967). We hold that the judgment of the trial court finding the defendant not guilty of a zoning violation is opposed to the manifest weight of the evidence. Testimony presented by the witnesses for the City showed the defendant's filtration structure to be located well within the thirty foot front yard setback area. This evidence was corroborated by the sketch incorporated by reference into the defendant's answer which showed the building to be in clear violation of the applicable zoning ordinance. The City concedes that a permit issued for the construction of a swimming pool, by implication, also authorizes the erection of filtration equipment required for the proper operation of a pool and that such equipment must be covered to protect it against the weather. It contends, however, that the owner of the premises cannot erect a building over the equipment so as to be in violation of the setback ordinance and that a permit for the construction of a swimming pool does not reasonably extend to the erection of such a structure.

■ The City would not object to a 4′ x 4′ x 4′ covering over the filtration equipment. We note that such an enclosure would protect the equipment from the effects of inclement weather and would rest unobtrusively in the front yard hedges of the defendant. The City presented testimony indicating that Mr. Oko, in speaking about the size of the contemplated building, said it would be constructed no higher than a kitchen table and, when completed, would resemble a picnic table. When almost completed by the defendant's father-in-law and not Oko,

74

the building was nine or twelve feet in height. Such a structure is an accessory building and, where presently located, is in violation of the City's zoning ordinance.

■ At trial, the defendant relied upon the pool ordinance which states that every portion of an outdoor private residential swimming pool or its appurtenant equipment (pumps, filters, etc.) must be located at least ten feet from the side property line. The defendant contends that the pool ordinance is applicable to this case and since its equipment and building were not located within the prohibited ten-foot side yard area, the not guilty judgment must stand. We hold that the pool ordinance is not applicable here. By its express terms, this ordinance pertains only to the pool or its appurtenant equipment. It does not authorize the erection of a building outside of the ten-foot side yard area. When the defendant caused a building, nine or twelve feet in height, to be constructed over the equipment, she brought herself within the provisions of the front yard setback zoning ordinance. The latter ordinance controls the disposition of this case. Since we have held that the permit for construction of the swimming pool did not authorize the erection of a building over the filtration equipment, it becomes unnecessary to reach the equitable estoppel issue raised by the defendant.

■ Because the complaint does not contain a prayer for relief, we hereby, on our own motion, order the City to amend its complaint by adding a prayer seeking the recovery of a specific monetary penalty. Our action is taken pursuant to Supreme Court Rule 362(f), Ill Rev Stats (1967), c 110A, § 362(f), which states: "The reviewing court may, of its own motion, before or after submission of the case for decision, order amendment to be made." Such amendment is necessary and results in no prejudice to the defendant who, by her actions, has indicated that she was defending a civil suit brought

against her in an attempt to collect a monetary penalty thereby inducing her to remove the present filtration structure.

The judgment of the trial court finding the defendant not guilty is vacated and the cause is remanded with directions to enter a judgment in an amount which the trial court considers justified in the circumstances.

Judgment vacated and cause remanded with directions.

McCORMICK, P. J. and BURKE, J., concur.