TOWN OF GLOCESTER

v.

Alfred E. TILLINGHAST et al.

No. 78–8–Appeal.

Supreme Court of Rhode Island.

July 7, 1980.

Robert G. Flanders, Jr., Town Sol., Glocester, for appellant.

Corcoran, Peckham & Hayes, Kathleen Managhan, William W. Corcoran, Newport, for appellees.

OPINION

DORIS, Justice.

This is an appeal from a decision of a Superior Court trial justice holding that the Superior Court lacked jurisdiction to enforce the penal provisions of the town of Glocester's zoning ordinances.

On July 22, 1977, pursuant to G.L. 1956 (1970 Reenactment) §§ 45–24–6 and 45–24–7, the town of Glocester (Glocester) filed a complaint with the Superior Court against Alfred E. and Anna M. Tillinghast d/b/a Bowdish Lake Camping Area, Inc. (Tillinghasts). The complaint sought to enjoin the Tillinghasts from using property in Glocester, known as Lot No. 59 on Assessor's Map No. 4, as a bathing beach and to fine the Tillinghasts $100 a day for each day they have used this property for swimming purposes. On the same day, Glocester filed and was granted a temporary restraining order prohibiting the Tillinghasts from using their property as a bathing beach.

On September 20, 1977, a trial was held before Superior Court justice, sitting without a jury. At the trial the Tillinghasts made a motion to strike that part of the town's complaint requesting an assessment of fines against them.

The Tillinghasts argued that §§ 45–24–6 and 45–24–7, permit the Superior Court to grant only injunctive, not penal relief, for town zoning violations. They also argued that the imposition of a fine is a criminal proceeding that cannot be joined with an equitable proceeding. The trial justice concurred with both contentions and indicated that the portion of the town's complaint seeking fines was not before the court.

The court heard the remaining portion of the complaint and permanently enjoined and restrained the Tillinghasts from using Lot No. 59 as a bathing beach until such time as they obtained a special exception from the town's zoning board.

The Tillinghasts filed a notice of appeal from the Superior Court judgment and Glocester filed a cross-appeal from that portion of the decision which denied the town's request for a hearing on an assessment of a fine. Thereafter, in their brief filed in this court, the Tillinghasts stated that they were withdrawing their appeal and were now only defending against Glocester's cross-appeal.

■ Glocester contends that the Superior Court trial justice erred in dismissing that portion of its complaint requesting imposition of a fine since the Superior Court has jurisdiction to enforce the penal provisions of the town's zoning ordinance by virtue of two statutory provisions. The first is Super.R.Civ.P. 8, which provides for the joinder in one action of all the legal and equitable claims and remedies that one party may have against the other. Glocester contends that, since a suit for recovery of a fine due a municipality is a civil action, their penal and injunctive actions against the Tillinghasts may be joined.

Secondly, Glocester argues that § 45–24–6 [1] expressly empowers the Superior Court to impose fines for zoning violations. We do not agree with either of Glocester's assertions. First, we will deal with Glocester's claim that its suit for the imposition of a fine against the Tillinghasts is a civil action. The town's characterization of its suit for a fine is incorrect. Since Glocester is attempting to recover a punitive penalty, we view this suit as a criminal proceeding. Other jurisdictions support this conclusion. *State v. Laurel Crest Academy,* 2 Conn.Cir. 294, 198 A.2d 229 (1963); *State v. Seich,* 98 N.J.Super. 466, 237 A.2d 648 (1967); *State v. Loux,* 76 N.J.Super. 409, 184 A.2d 755 (1962); *Haba v. Cuff,* 28 Ohio Op.2d 266, 201 N.E.2d 343 (1963), *appeal dismissed,* 176 Ohio St. 374, 199 N.E.2d 736 (1964), *cert. denied,* 379 U.S. 964, 85 S.Ct. 656, 13 L.Ed.2d 558, *reh. denied, sub nom. Cuff v. Van Bogart,* 380 U.S. 927, 85 S.Ct. 883, 13 L.Ed.2d 815 (1965). *See also Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).[2]

■ Based on this characterization of Glocester's penal action, that the town's suit for the imposition of a fine clearly cannot be joined with its request for injunctive relief against the Tillinghasts.

---

1. General Laws 1956 (1970 Reenactment) § 45–24–6 provides as follows:

   "Penalties for ordinance violations—Injunction.—The city or town council of such town or city, as the case may be, shall have power to provide a penalty for the violation of any ordinance enacted under the authority of this chapter by fine not exceeding one hundred dollars ($100) for each offense * * and may also cause suit to be brought in the supreme or superior court in the name of such city to restrain the violation of, or to compel compliance with, the provisions of any such ordinance."

2. Even in those cases in which courts have held that the violation of a municipal ordinance is a civil action, they have found it quasi-criminal in nature. *See City of Palos Heights v. Pakel,* 121 Ill.App.2d 63, 258 N.E.2d 121 (1970); *City of Highland Park v. Curtis,* 83 Ill.App.2d 218, 226 N.E.2d 870 (1967); *Town of Kearny v. Modern Transportation Co.,* 116 N.J.Super. 526, 283 A.2d 119 (1971); *Incorporated Village of Laurel Hollow v. Laverne, Inc.,* 24 App.Div.2d 615, 262 N.Y.S.2d 622, *reh. denied,* 24 App.Div.2d 736, 263 N.Y.S.2d 303 (1965); *City of Philadelphia v. Kenny,* 28 Pa.Cmwlth. 531, 369 A.2d 1343 (1977).

■ Further we note that G.L. 1956 (1969 Reenactment) § 12–3–1, as amended by P.L. 1976, ch. 173, § 3, provides that the District Court has jurisdiction over violations of town ordinances punishable by a fine not exceeding $500. Since the fine being enforced in this case is under $500, the trial justice was clearly correct in ruling that Glocester's criminal proceeding for recovery of a fine must be heard in District Court.

■ Pressing their appeal further, Glocester contends that § 45–24–6 expressly grants the Superior Court the power to hear suits for violations of town ordinances punishable by a fine. Section 45–24–6 clearly provides the town with the authority to enact penalties for violations of town ordinances, but it in no way overrules § 12–3–1 in regard to which court has jurisdiction to try such offenses. Indeed § 45–24–6 reinforces § 12–3–1 by reminding the reader that any equitable action must be brought in the Superior or Supreme Courts.

The town of Glocester's appeal is denied and dismissed, the judgment below is affirmed, and the case is remanded to the Superior Court for further proceedings.