CITY OF WARWICK

v.

William R. APTT et al.

No. 82–463–Appeal.

Supreme Court of Rhode Island.

Aug. 21, 1985.

**722**

David D. Prior, Warwick, for plaintiff.

Sydney I. Resnick, Cranston, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal brought by the plaintiff from an order entered in the Superior Court granting the defendants' motion to dismiss. We vacate the order of the Superior Court and remand the case for a hearing on the merits. The facts are as follows.

On June 24, 1982, a complaint was filed on behalf of the city of Warwick by the city solicitor charging William R. and Diane L. Aptt, defendants, with violations of the city of Warwick zoning ordinance. Warwick Code §§ 5.14.2, 5.1 (1982). The plaintiff's complaint stated that defendants had repeatedly used their residential property for (1) "the parking, or storing of commercial vehicles having a capacity of more than two tons in violation of Section 5.14.2" and (2) "business purposes other than as permitted in Section 5.1 * * *." [1] As a reme-

---

1. Section 5.1 of the city of Warwick zoning ordinance states in pertinent part as follows:

"The following provisions shall apply to residence districts:

dy, plaintiff sought a preliminary and permanent injunction requiring defendants to cease and desist from using their residential property for business purposes and for the storing of commercial vehicles having a capacity of more than two tons.

Following the filing of their answer to plaintiff's complaint, defendants filed a motion to dismiss on August 16, 1982, on the grounds that two criminal actions brought by plaintiff against defendants were already pending on appeal in the Superior Court. The defendants asserted that because the criminal appeals arose out of the same transactions as those underlying the instant civil complaint, the pending criminal actions precluded plaintiff's seeking injunctive relief. On September 13, 1982, a justice of the Superior Court heard arguments regarding defendants' motion to dismiss and subsequently granted defendants' motion. Although no transcribed record of these proceedings has been furnished, the parties agree that the trial justice based his dismissal of the complaint on the grounds that § 5.14.2 of the city of Warwick ordinance is so vague and indefinite as to violate due process.

The plaintiff appealed the order of the Superior Court to this court on October 4, 1982. In support of its appeal, plaintiff raises two questions.

## I

### DID THE TRIAL JUSTICE ERR IN GRANTING THE MOTION TO DISMISS BASED ON THE VAGUENESS OF § 5.14.2 OF THE CITY OF WARWICK ORDINANCE?

■ The defendants' motion to dismiss was based on Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and asserted that plaintiff's complaint did not state a

"5.1 *Uses permitted.* * * * detached single-dwelling unit; churches; public, private or parochial educational institutions; libraries; museums; farms; raising of crops; accessory building and uses * * *."

Section 5.14.2 of the city of Warwick zoning ordinance states, in pertinent part:

claim upon which relief could be granted. Generally, the filing of a motion to dismiss under Rule 12(b)(6) requires a court to look solely to the sufficiency of the complaint filed in the case. *Ryan v. State, Department of Transportation,* — R.I. —, —, 420 A.2d 841, 842 (1980); *Dutson v. Nationwide Mutual Insurance Co.,* 119 R.I. 801, 803–04, 383 A.2d 597, 599 (1978); *Palazzo v. The Big G Supermarkets, Inc.,* 110 R.I. 242, 244, 292 A.2d 235, 236 (1972). When a defendant files a motion to dismiss, the court must view the allegations in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, and the motion may not be granted unless it "appears beyond a reasonable doubt that a plaintiff would not be entitled to any relief under any conceivable set of facts which might be proven in support of his claims * * *." *Ryan,* — R.I. at —, 420 A.2d at 843; *Berberian v. Solomon,* 122 R.I. 259, 262, 405 A.2d 1178, 1180 (1979); *Dutson,* 119 R.I. at 804, 383 A.2d at 599.

■ Although several grounds for failure of a plaintiff's complaint to state a claim may be asserted under the rule, the only one that is relevant to the case at bar is the assertion that the plaintiff's claim for relief is based upon an unconstitutional statute. When the statute upon which a complainant's claim for relief is based is found to be unconstitutional, it follows logically that there is no conceivable set of facts that could support plaintiff's claim. Consequently, the legal basis for the plaintiff's claim would be eliminated and a defendant's Rule 12(b)(6) motion to dismiss must be granted as a matter of law.

■ In order for a statute to be found to be unconstitutionally vague and therefore violative of the due-process clause of the Fourteenth Amendment to the Consti-

"5.14.2 No commercial vehicles having a capacity of more than two (2) tons or having three (3) or more axles shall be stored, parked, or garaged in a Residence District * * *."

tution of the United States, the statute must be such that its wording fails to alert the public of the statute's scope and meaning. As we stated in *State v. Picillo*, 105 R.I. 364, 369, 252 A.2d 191, 194 (1969), "the test is whether the language used is commonly understood by persons of ordinary intelligence." The standard to be used by a court to determine the vagueness of a statute is dependent upon the nature of the statute itself. For example, the vagueness of a criminal statute will be more strictly scrutinized than that of an economic regulation. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371 (1982). It would therefore follow that a civil statute would be subjected to a lesser standard of scrutiny for vagueness than that afforded a criminal statute.

When courts construe the meaning of a statute, general rules of construction must be applied. These rules require that courts construing a statute take the intent of the Legislature into account and give specific words in the statute the meaning that would further the legislative purpose. *Paola v. Commercial Union Assurance Companies*, — R.I. —, —, 461 A.2d 935, 937 (1983); *The Rake v. Gorodetsky*, — R.I. —, —, 452 A.2d 1144, 1147 (1982). The statute may not be construed in a way that would "attribute to the Legislature an intent that would result in absurdities or would defeat the underlying purpose of legislation." *Landrigan v. McElroy*, — R.I. —, —, 457 A.2d 1056, 1060–61 (1983); *The Rake*, — R.I. at —, 452 A.2d at 1147. Additionally, unless some special meaning was obviously attributed to the words of a statute by the Legislature, the words will be given their plain and ordinary meaning. *State v. O'Rourke*, — R.I. —, —, 463 A.2d 1328, 1330 (1983); *Blazar v. Perkins*, — R.I. —, —, 463 A.2d 203, 206 (1983). Where no possible ambiguity in the meaning of statutory terms would arise, no interpretation is necessary and each term must be given its plain and literal meaning. *Beau-*

*doin v. Petit*, 122 R.I. 469, 474–75, 409 A.2d 536, 539 (1979). It is this last proposition with which we are most concerned in this case.

In the case at bar, the trial justice apparently questioned the intended meaning of the term "capacity." Without more specific guidance than that given by the Legislature, the trial justice felt that the term "capacity" could not readily be understood by persons who would be affected by the statute and was therefore unconstitutionally vague. We disagree.

The meaning of the term "capacity," as used in § 5.14.2 of the city of Warwick ordinance, is obvious on the face of the statute. *See O'Rourke*, — R.I. at —, 463 A.2d at 1330. The Legislature intended no special meaning, but rather, that the term should simply indicate the amount of tonnage a given vehicle could carry within its cargo area. This meaning of "capacity" is plain on its face as is further evidenced by the fact that the first definition appearing in the dictionary reads as follows:

"1 a: the power or ability to hold, receive, or accommodate * * * b *obs*: an empty space: a hollowed-out area: CAVITY c: a containing space: a measure of content for gas, liquid, or solid: the amount held: the measured ability to contain: VOLUME * * *." Webster's Third New International Dictionary 330 (1971).

The city of Warwick ordinance § 5.14.2 is therefore obviously not vague. It plainly states that no vehicle that has the capability to carry more than two tons of material in its cargo area may be parked, stored, or garaged in a residential area. The ability of any truck to carry such a great volume of material should be obvious to the eye of the observer, and if it is not so obvious, then it is a fact that may readily be determined by testimony or documentary evidence.

Because the city of Warwick ordinance is not unconstitutionally vague, defendants' Rule 12(b)(6) motion to dismiss for failure

to state a claim should not have been granted.

## II

### DID THE TRIAL JUSTICE ERR IN DISMISSING THE CIVIL COMPLAINT ON THE GROUNDS THAT APPEALS FROM TWO CRIMINAL ACTIONS INVOLVING THE SAME PROPERTY AND ISSUES WERE CURRENTLY PENDING?

 Chapter 24 of title 45 of the General Laws of Rhode Island sets forth the procedures that towns and cities within the state are to follow with respect to municipal zoning ordinances. More specifically, G.L. 1956 (1980 Reenactment) § 45–24–6 sets forth enforcement procedures to be followed in the event of a violation of a zoning ordinance.[2]

Section 45–24–6 contemplates both legal and equitable remedies. The town or city has available to it a punitive remedy that may be sought through criminal proceedings and an injunctive remedy that may be sought by way of civil proceedings. *See Town of Glocester v. Tillinghast,* — R.I. —, —, 416 A.2d 1178, 1179 (1980). The two proceedings must, however, be brought separately and cannot be joined. *Id. See Aptt v. City of Warwick Building Dept.,* — R.I. —, —, 463 A.2d 1377, 1378 (1983). Not only can the two proceedings not be joined but each must be brought in a different court. The criminal proceeding must be brought in District Court, *Town of Glocester,* — R.I. at —, 416 A.2d at 1180, and the civil proceeding must be brought in the Superior Court. *Id.*

Because two totally separate proceedings were contemplated by the Legislature when it enacted § 45–24–6, it logically fol-

lows that both actions may be maintained at the same time. The pending criminal appeals will not, therefore, as defendants assert, preclude the civil suit for injunctive relief. As a consequence, the defendants' motion to dismiss should not have been granted on this ground.

For the reasons stated, the plaintiff's appeal is sustained. The judgment of the Superior Court dismissing the complaint is vacated. The papers in the case may be remanded to the Superior Court for further proceedings.

The Chief Justice participated in the oral argument and in the decision of the court, but he did not participate in the publication of the formal opinion.

---

2. General Laws 1956 (1980 Reenactment) § 45–24–6 sets forth remedies to be sought against a defendant who has violated a zoning ordinance. The statute states as follows:

"The city or town council * * * shall have power to provide a penalty for the violation of any ordinance enacted under the authority of this chapter by fine not exceeding one hundred dollars ($100) for each offense and to provide that each day of the existence of any such violation shall be deemed a separate offense, such fine to inure to such town or city, *and may also cause suit to be brought in the supreme or superior court in the name of such city to restrain the violation of, or to compel compliance with, the provisions of any such ordinance."* (Emphasis added.)