Lena **PRICE** d/b/a Price Rest Home

v.

**STATE of Rhode Island et al.**

**No. 83–118–Appeal.**

Supreme Court of Rhode Island.

Nov. 5, 1985.

David J. Kehoe, Warwick, for plaintiff.

Mary E. McCabe, Chief of Legal Services for R.I. Dept. of Health, Providence, Arlene Violet, Atty. Gen., Sheila Tobie Swan, Sp. Asst. Atty. Gen., for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal from the granting of a motion to dismiss by the Superior Court under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. We affirm the action of the Superior Court.

The defendants, the State of Rhode Island and the Department of Health, Division of Facilities Regulation, Community Health Services (health department), had instituted an administrative action against plaintiff, who had refused to permit health department officials to enter the Price Rest Home in order to determine whether it was a sheltered-care facility as defined in G.L. 1956 (1979 Reenactment) § 23–17.4–2, as amended by P.L.1981, ch. 226, § 2.

The plaintiff was served with an administrative-hearing notice that stated that she would be given an opportunity to show cause why the director of health should not survey the Price Rest Home. The plaintiff filed a motion to dismiss the administrative action, asserting lack of jurisdiction. After hearing, the adjudication officer entered an order denying the motion to dismiss. In the order the adjudication officer acknowledged that the written notice mistakenly cited G.L.1956 (1979 Reenactment) § 23–1–19 as § 23–1–9 but found that the language following this typographical error fully reflected the language of § 23–1–19. The adjudication officer also stated that § 23–17.4–2 granted jurisdiction over matters relating to sheltered-care facilities to the health department and its director. Therefore, plaintiff's motion to dismiss was de-

nied and the matter was ordered to be heard on its merits.

The plaintiff then filed a complaint in the Superior Court appealing the interim order denying her motion to dismiss. In her complaint she alleged that the Department of Health lacked jurisdiction and the administrative hearing report lacked sufficient facts to constitute reasonable notice under G.L.1956 (1984 Reenactment) § 42–35–9(b)(4).

The health department responded to plaintiff's Superior Court complaint by filing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted because plaintiff had appealed an interim order rather than a final order. The health department asserted that plaintiff had not exhausted her administrative remedies, as is required, and that she could have received an adequate remedy in a final agency decision.

The plaintiff filed an objection to defendants' motion to dismiss. She alleged that she was entitled to judicial relief under § 42–35–15, and she also asserted that a final agency decision would not have provided an adequate remedy because the department lacked jurisdiction over her. She also argued that the interim order was a final appealable decision. After hearing, the Superior Court granted defendants' motion to dismiss, and plaintiff appealed to this court.

We need not address the issues of whether plaintiff has failed to exhaust her administrative remedies and whether the order appealed from was final because our resolution of the two issues raised in plaintiff's complaint will be dispositive of this appeal.

Those issues are lack of jurisdiction and insufficient notice.

The Superior Court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. Before doing so, the Superior Court must

"view the allegations in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, and the motion may not be granted unless it 'appears beyond a reasonable doubt that a plaintiff would not be entitled to any relief under any conceivable set of facts which might be proven in support of his claims * * *.'" *City of Warwick v. Aptt*, R.I., 497 A.2d 721, 723 (1985) (quoting *Ryan v. State, Department of Transportation*, R.I., 420 A.2d 841, 843 (1980)).

As far as plaintiff's jurisdictional claim is concerned, the court could not have granted relief to her under any "set of facts" because she is a resident of Rhode Island and the Regulations of Homes for Sheltered Care of Adults statute, G.L.1956 (1979 Reenactment) chapter 17.4 of title 23, authorizes the director to issue licenses, to implement regulations, to make any necessary investigations, and to enter any place necessary to carry out his responsibilities. Sections 23–17.4–10 and 23–1–19.[1] In view of these statutory provisions plaintiff clearly could never prove that the department lacked jurisdiction to make a determination with regard to the Price Rest Home. The plaintiff's claim that she received insufficient notice must fall also. Section 42–35–9 provides that

"(a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.

---

1. General Laws 1956 (1979 Reenactment) § 23–17.4–10, as amended by P.L.1981, ch. 226, § 2, provides in pertinent part:
   "The licensing agency shall after public hearing pursuant to reasonable notice, adopt, amend, promulgate and enforce such rules, regulations and standards with respect to sheltered care facilities for adults to be licensed hereunder * * *.
   The licensing agency shall make or cause to be made such inspections and investigations as it deems necessary by duly authorized agents of the director at such time and frequencies as determined by the licensing agency."
   Section 23–1–19 provides in pertinent part: "The director is authorized to enter, examine, or survey at any reasonable time such places as he considers necessary to carry out his responsibilities under this chapter or under other provisions of law."

(b) That notice shall include:

\* \* \* \* \* \*

(4) A short and plain statement of the matters \* \* \*."

 The administrative-hearing notice that plaintiff received stated in part:

"[T]he Director of Health has cause to believe that this establishment [is a sheltered care facility] \* \* \*. To date, representatives \* \* \* have been unable to gain access to \* \* \* Price Rest Home for the purpose of surveying said establishment to ascertain if it is subject to the provisions of Chapter 23–17.4. In order that you may have an opportunity to show cause why the Director of Health should not survey the establishment known as Price Rest Home, you are hereby notified that a hearing has been scheduled \* \* \*."

This document gave the plaintiff notice of a hearing to determine if the department could enter her establishment to determine if it was a sheltered-care facility. Giving the plaintiff an opportunity to show cause why her rest home should not be surveyed and notifying her of her right to be heard is full compliance, in our opinion, with the statutory requirements. We cannot conceive of any "set of facts" under which she would be entitled to relief.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.

BEVILACQUA, C.J., and WEISBERGER, J., did not participate.