Charles GOLDBERG, et al.

v.

**BOARD OF LICENSES OF the CITY OF PROVIDENCE.**

84–556–M.P.

Supreme Court of Rhode Island.

May 22, 1987.

Bernard Patrick Healy, Healy & Jones, Providence, for plaintiff.

Edward C. Clifton, City Sol., Ralph R. Bello, Martin Aisenberg, Jones & Aisenberg, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case is before us on a petition for certiorari by the petitioners Charles Goldberg, Hazel Goldberg, and Alan Goldberg. They contend that the Board of Licenses of the City of Providence (the board), erroneously granted a junk-dealer's license to Rhode Island Metals, Inc., in violation of G.L. 1956 (1976 Reenactment) § 5–21–2(b). We affirm in part and reverse in part.

Luigi and Robin Porreca, the sole stockholders and officers of Rhode Island Metals, Inc. (R. I. Metals), filed an application with the board on behalf of that corporation for a junk-shop license on September 18, 1984, pursuant to chapter 21 of title 5.

The board in turn, pursuant to § 5–21–2(a), published notice of its intent to hold a public hearing on the application. A number of individuals claiming to be owners or lessees of property within a two-hundred-foot radius of R. I. Metals's property thereafter filed an initial general petition objecting to the proposed application request.

On October 5, 1984, the board commenced the hearing on the application in question. Many of the property owners and lessees within the requisite radius submitted individual objections in affidavit form to the board. The board continued the hearing for two weeks.

On October 19, 1984, the board resumed the hearing on R. I. Metals's application. At that time Capco Packaging Corporation and Little Rhody Press, Inc., which had previously filed objections to the issuance of the junk-shop license, withdrew their respective objections. The board also received an affidavit from Henry Bello indicating that he had no objection to the issuance of a junk-shop license.

At the conclusion of the hearing the board ruled, with reference to parcels of property owned or occupied by more than one individual or business entity (of which there were several parcels surrounding the application site), that each owner or occupant of a parcel within the designated radius had to sign an individual objection in order for the entire parcel's footage to count as part of the remonstrance. In other words, when an objection was signed by only one of two owners or occupants for example, the board held that only 50 percent of the parcel's footage could be counted as objecting. The board then referred the application to the Providence Police Department for investigation to determine whether the legal remonstrance had been met.

The police department issued its findings on November 8, 1984. It calculated the total square footage of property within 200 feet of the proposed shop site to be 76,607 square feet. In order for property owners and occupants within the radius to successfully block the license, they had to demonstrate that 50 percent or more of the 76,607 square feet was owned or occupied by individuals who objected to the issuance of the license. Section 5–21–2(b). The police department determined that the objecting owners and occupants represented only 35,-637 square feet or 46.5 percent of the total footage. The objecting owners and occupants, according to police calculations, were thus 2,666 1/2 square feet short of the amount needed to block issuance of the license. The findings of the police depart-

ment were adopted by the board and the license was granted on November 9, 1984.

 The petitioners raise two issues for our consideration, both of which involve the application of the rules of statutory construction.[1] First they claim that the board erred in tabulating the total square footage of land within the prescribed two-hundred-foot radius. The petitioners argue that R. I. Metals's property should not have been included as part of the total square footage.[2] We agree.

Section 5–21–2(b) provides in pertinent part:

"No license shall be granted * * * where the owners or occupants of the greater part of the land within two hundred feet (200′) of such building or place shall file with the board, town council, or city council * * * their objection to the granting of such license * * *."

This court in construing a statute must attribute to the words of the statute their plain and ordinary meaning unless a different meaning is clearly shown to exist on the face of the statute. *City of Warwick v. Aptt*, 497 A.2d 721 (R.I. 1985); *Walsh v. Gowing*, 494 A.2d 543 (R.I. 1985). In addition, we will not construe a statute in such a way as to give it an absurd result or to defeat its underlying purpose. *Craig v. Pare*, 497 A.2d 316 (R.I. 1985).

Here the phrase "within two hundred feet (200′) of such building or place," as contained in § 5–21–2(b), given its plain and ordinary meaning, necessarily excludes the applicant's property from the calculation of

---

**1.** In our order granting the petition for a writ of certiorari, we directed the parties to address a third issue, "the question of the propriety of the state's delegating to a private person or a nongovernmental entity the power to veto a license application under § 5–21–2." We asked the parties to examine *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116, 103 S. Ct. 505, 74 L. Ed. 2d 297 (1982), on this issue. Subsequent to our order, however, we decided *Newport Auto Salvage, Inc. v. Town Council of Portsmouth*, 502 A.2d 339 (R.I. 1985). In *Newport Auto* we recognized the fact that *Larkin* involved a FirstAmendment-establishment-clause issue and was therefore distinguishable from cases falling under G.L. 1956 (1976 Reenactment) § 5–21–2.
Furthermore, we stated that the legislative scheme whereby the owners or occupants of a

majority of land within the two-hundred-foot radius could block issuance of a junk-dealer license, appeared to violate no specific provision of either the State or the Federal Constitution. 502 A.2d at 343 n.1. We see no reason to address the issue here.

**2.** We note that the board merely accepted the calculations and findings of the police department; it did not perform an independent calculation.

Although the police report to the board claims that R. I. Metals's property was excluded from the calculation of total footage, the record before us clearly demonstrates that it was in fact included.

the area's total footage. The use of this phrase clearly signifies an intent by the Legislature to exclude an applicant's property from the calculations.

Moreover, to adopt the opposite position and include the applicant's property area would obviate the underlying purpose and intent of § 5–21–2(b), which is clearly to afford a majority of surrounding land owners and occupants a means to veto the establishment of undesired junk-dealer operations in their neighborhood. Including the applicant's property in the calculations would permit an applicant with a sufficiently large parcel of property to defeat this legislatively mandated veto right, thus rendering § 5–21–2(b) meaningless. We will not attribute to the Legislature such an intent. Therefore, we find that the board did err by including the applicant's property in the calculations.

■ The petitioners also challenge as error the board's decision to include only the proportionate share of acreage from parcels of property owned by more than one individual when only one of the owners signs a petition or affidavit of objection.[3] Section 5–21–2(b) states that the "owners or occupants" of surrounding property within 200 feet may file objections. We find that the plain and ordinary meaning of the terms owners and occupants requires signatures by all objecting owners and occupants in order for the entire footage of a parcel to be considered as objecting. Had the Legislature intended otherwise it would have so stated. Consequently, the board acted reasonably and fairly in apportioning the footage of the four parcels in question.

For these reasons the judgment of the Board of Licenses of the City of Providence is affirmed in part and reversed in part, and the papers in the case are remanded to the board with directions to recalculate the

area measurements in accordance with this decision.

---

3. Lots 463, 466, and 467 of plat 68 are each owned as tenancies by the entirety. Only half of the total square footage of each of these lots was counted as objecting because only one of the two spouse-owners signed the objection. Lot 778 of plat 68 is owned by two couples, each couple owning an undivided one-half interest as tenants by the entirety.

Only one of the four owners of lot 778 signed an objection, yet the police department concluded that 50 percent of the lot was objecting. No evidence was introduced to suggest that the person signing the petition or affidavit of objection for each of these lots was acting on behalf of the other owner or owners.