Anthony J. DeCIANTIS, Sr.

v.

**RHODE ISLAND DEPARTMENT OF CORRECTIONS et al.**

No. 2002–187–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 2003.

Anthony DeCiantis, Plaintiff, pro se.

Patricia A. Coyne-Fague, Providence, for defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on November 10, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

Anthony J. DeCiantis, Sr. (DeCiantis or plaintiff), appeals *pro se* from the grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure in favor of defendant, the State of Rhode Island (state or defendant). The plaintiff, an inmate at the Adult Correctional Institutions (ACI), is serving two concurrent life sentences for murder. Since September 13, 1994, plaintiff has been classified as a medium security inmate. The Rhode Island Parole Board (parole board) repeatedly has denied plaintiff's parole requests while indicating that the members "would like to see [plaintiff] in a lesser security." On numerous occasions, the Rhode Island Department of Corrections (DOC) classification board has recommended that plaintiff be reclassified as a minimum security inmate based upon time served and his improved behavior. Despite these recommendations, the DOC director repeatedly has denied plaintiff's requests for minimum security classification.

In February 1998, plaintiff filed suit seeking declaratory and injunctive relief to require a minimum security classification. In response, the state filed a motion to dismiss, asserting that: (1) the court lacked subject-matter jurisdiction and (2) the DOC director had unfettered discretion in making classification determinations. On July 7, 1998, a hearing justice initially granted the state's motion to dismiss for lack of subject-matter jurisdiction based upon this Court's holding in *L'Heureux v. State Department of Corrections*, 708 A.2d 549 (R.I.1998).[1] Later that same

---

1. In *DiCiantis v. Wall*, 795 A.2d 1121, 1124 (R.I.2002) (per curiam), this Court reaffirmed

day however, he reversed himself and denied an identical motion to dismiss filed by the state in an unrelated suit. The trial justice subsequently reversed himself in this case and denied the state's motion to dismiss that was based on lack of subject-matter jurisdiction. The state thereupon filed another motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. On March 5, 2002, after hearing oral arguments and considering the memoranda filed by each party, the hearing justice granted the state's motion to dismiss.

The plaintiff timely appealed and argues that the trial justice erred in (1) granting the state's Rule 12(b)(6) motion to dismiss and (2) finding that the state's successive Rule 12 motions were permissible. On appeal, plaintiff asserts that the DOC director's repeated refusal to reclassify plaintiff to minimum security was an arbitrary abuse of power amounting to a violation of plaintiff's equal protection and due process rights. We respectfully disagree.

 We begin by reviewing the grant of the state's Rule 12(b)(6) motion to dismiss. "When ruling on a Rule 12(b)(6) motion, the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." *Rhode Island Affiliate, American Civil Liberties Union, Inc. v. Bernasconi*, 557 A.2d 1232, 1232 (R.I.1989). The trial justice may grant the motion only if it "appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (quoting *City of Warwick v. Aptt*, 497 A.2d

721, 723 (R.I.1985)). "When this Court reviews a trial justice's granting of a Rule 12(b)(6) motion, we assume that the allegations contained in the complaint are true, and examine the facts in the light most favorable to the nonmoving party." *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I.2000) (citing *Bandoni v. State*, 715 A.2d 580, 582 n. 3 (R.I.1998)).

 Even assuming that the classification board repeatedly recommended plaintiff's reclassification to minimum security and that the DOC director acted in contravention of the classification board's findings and conclusions, plaintiff has failed to state a claim upon which relief can be granted. This case falls squarely within the ambit of *Bishop v. State*, 667 A.2d 275, 277 (R.I.1995), in which this Court unambiguously held that prison inmates have "no constitutional or statutory protected liberty interest in the present prison-inmate classification process used in this state." Under our current inmate classification statutes,[2] "the director of the Department of Corrections has unfettered discretion in the inmate-housing classification process." *Id.* at 278. Inmate classification is a confidential administrative matter squarely within the DOC director's exclusive discretion. *Id.* at 279. As such, prison inmates "cannot under the guise of post conviction relief * * * transpose the Superior Court into an appellate prison-inmate classification board." *Id.* Given this precedent, the trial justice was correct in dismissing plaintiff's complaint.

 We uphold our decision in *Bishop*. However, we note that although the DOC director has unfettered discretion concern-

---

*L'Heureux* and held that claims asserted under the *Morris* Rules should be raised in Federal District Court. The *Morris* Rules govern internal disciplinary and classification procedures at the ACI and initially were established pursuant to a consent decree entered in *Mor-*

*ris v. Travisono*, 310 F.Supp. 857 (D.R.I. 1970).

2. General Laws 1956, §§ 42–56–30, 42–56–31, 42–56–32.

ing classification determinations, when he or she exercises that discretion, an inmate is entitled to know the reasons upon which that decision is based. Although the director is not required to give a long and reasoned decision with findings of fact, in situations such as this, in which the director repeatedly has denied an inmate's classification to a lower security despite numerous reclassification recommendations from the classification board, the inmate is entitled to know the basis for the denial. This is particularly important when, as here, the parole board's grant of a parole permit may be delayed until and unless the inmate is reclassified to a lower level of security.

■ The plaintiff also asserts that the trial justice erred in permitting the state to argue a second motion to dismiss pursuant to Rule 12(b)(6). We reject this argument. On July 7, 1998, the hearing justice initially granted the state's motion to dismiss based upon lack of subject-matter jurisdiction. However, that same day, in a separate case involving an identical issue, the hearing justice revisited this holding. He subsequently reversed his decision, denied the state's motion to dismiss and reiterated that his decision was in "no way intended to address the merits of that matter." The record clearly establishes that the state's first motion to dismiss was decided solely on jurisdictional grounds and as such, its subsequent motion to dismiss for failure to state a claim was not, as plaintiff contends, "an attempt to relitigate matters and issues that were already decided in * * * [a] prior proceeding."

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.